UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID HALL CRUM, :
:
Plaintiff, :
: Case: 1:17-cv-00709 (F-Deck)
v. : Assigned To : Unassigned
: Assign. Date : 4/19/2017
COURT SERVICES AND OFFENDER : Description: Pro Se Gen. Civil
SUPERVISION AGENCY, *et al.*, :
:
Defendants. :

**<u>MEMORANDUM OPINION</u>**

This matter comes before the court on review of plaintiff's application to proceed *in forma pauperis* and *pro se* civil complaint. The Court will grant the application, and dismiss the complaint.

The Court has reviewed plaintiff's complaint, keeping in mind that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claims being asserted such that they can prepare a responsive answer, prepare an adequate defense, and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

4

As drafted, the complaint fails to comply with Rule 8(a). Plaintiff purports to bring a civil rights action against the Court Services and Offender Supervision Agency and the employees charged with supervising plaintiff since his release from prison. Based on the allegations set forth in the complaint, as amended, it is not clear whether or how any of the defendants has violated a provision of the United States Constitution. Plaintiff demands a restraining order, yet fails to demonstrate "that he will suffer irreparable harm if he is not granted a [temporary restraining order], which is a threshold requirement to justify" issuing such an order. *Moorman v. U.S. Bank, NA*, No. 10 CV 1219, 2010 WL 2884661, at *1 (D.D.C. July 10, 2010) (citations omitted). The complaint and this civil action, therefore, will be dismissed without prejudice. An Order is issued separately.

DATE:

Apr. 11, 2017

United States District Judge

J. Rosberg